**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**MAEOLA SMITH and**
**DONNELL SMITH**                                                          **PLAINTIFFS**

**v.**                                    **NO. 5:16-CV-0283-DPM**

**GENERAL MOTORS CO.;**
**TAKATA CORPORATION;**
**TK HOLDINGS, INC.; and**
**HIGHLAND INDUSTRIES, INC.**                               **DEFENDANTS**

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants TK Holdings Inc. ("TKH") and Highland Industries, Inc. ("Highland"),

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss Plaintiffs'

Second Amended Complaint for failure to state a claim.  TKH and Highland did not make any of

the components in Plaintiff's General Motors vehicle and have said so under oath.  Plaintiffs'

complaint is a nonsensical cut-and-paste from a prior case in Florida involving a Honda vehicle.

The Court ordered Plaintiffs to fix the problems with their Complaint, but they have not done so.

TKH and Highland also move for costs and attorneys' fees for forcing them to once again

address Plaintiffs' deficient pleadings.  In support, TKH and Highland state as follows:

## I.        BACKGROUND

Plaintiffs allege negligence, strict liability, fraudulent concealment, and breach of

warranty claims against TKH and Highland arising from an automobile accident involving a

1997 Saturn.  *See* Doc. No. 23 ¶¶ 24–25.

On December 16, 2016, TKH and Highland filed a Motion for a More Definite

Statement, alerting the Court to several serious deficiencies in Plaintiffs' First Amended

Complaint.  TKH and Highland attached to their Motion the Declaration of TKH representative Debra Hatton affirming that TKH and Highland did not make any of the allegedly defective components in the subject vehicle.  *See* Doc. No. 16 Ex. 1.

TKH and Highland established that Plaintiffs' First Amended Complaint was copied and pasted virtually verbatim from another complaint in Florida state court involving a different automaker and a different airbag, manufactured at a different time.  Plaintiffs' Complaint lifted numerous allegations from the Florida complaint, doing nothing more than replacing more than 100 references to "Honda" with "General Motors."  TKH and Highland referred the Court to numerous blatantly inaccurate and nonsensical allegations in Plaintiffs' 153-paragraph Complaint.  *See* Doc. No. 16 at 4–6; *see also* Doc. No. 9 ¶¶ 35, 44, 46, 48, 50, 52, 56, 60, 62, 65, 66, 135.  They also pointed to the lack of case-specific allegations against TKH and Highland, noting that the few, basic facts alleged relating to the subject accident actually appeared to be incorrect, based on documents Plaintiffs themselves had provided.[1]  *See* Doc. No. 9 ¶¶ 24–25.  TKH and Highland further explained that the Complaint's allegations focused on a type of TKH airbag propellant first manufactured in 2000, relevant to the airbag at issue in the Florida case, and that such allegations did not plausibly support Plaintiffs' claims concerning the airbag at issue, which was manufactured in or before 1997.

On January 17, 2017, the Court granted TKH and Highland's Motion for More Definite Statement, noting that "[e]veryone would benefit from a cleaned-up complaint," and ordering Plaintiffs to file a Second Amended Complaint "that clarifies all the issues" set forth in TKH and Highland's Motion for More Definite Statement.  Doc. No. 21.  But rather than amending the Complaint as ordered by this Court, Plaintiffs filed a 153-paragraph "Second Amended

---

[1] For instance, Plaintiffs' Amended Complaint alleges that the accident occurred on October 3, 2015, but the Arkansas Uniform Motor Vehicle Collision Report provided by Plaintiffs' counsel indicates that the accident occurred on October 1, 2014.  That report also identifies Plaintiff Maeola Smith as "Mayola" Smith.

Complaint" that is virtually identical to their deficient 153-paragraph First Amended Complaint. The only changes Plaintiffs made to the Complaint were to: (a) move to Paragraph 15 certain seat-related allegations against General Motors that appeared in Paragraphs 131 and 135 of the First Amended Complaint; and (b) add to paragraph 16 a business address purportedly for Takata Corporation that, based on the materials Plaintiffs themselves submitted, appears instead to be an address for a defunct entity known as "Takata Restraint Systems Inc." that is not a party to this action. *See* Doc. No. 23 ¶¶ 15, 16; Doc. No. 23-1.

Plaintiffs apparently still have conducted no diligence whatsoever to determine the identity of the entities that manufactured the allegedly defective components, or unearthed any facts supporting the Complaint's boilerplate allegations against TKH and Highland.

## II.  LEGAL STANDARD

A complaint cannot survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Consequently, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).   "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"   *Brown v. Mortg. Elec. Registration Sys., Inc.*, 903 F. Supp. 2d 723, 726 (W.D. Ark. 2012) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiffs are required to "'nudge their claims across the line from conceivable to plausible' in order to avoid dismissal." *Hayden v. Nevada Cnty., Ark.*, No. 08-4050, 2009 WL 596534, at *2 (W.D. Ark. Mar. 6, 2009) (quoting *Twombly*, 550 U.S. at 570).  While the court

must accept a party's factual allegations as true, it is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III.   ARGUMENT

Plaintiffs, instead of supplying the particularized facts required to salvage their claims, filed a 153-paragraph Second Amended Complaint that is substantively identical to their 153-paragraph First Amended Complaint, in flagrant disregard of this Court's Order. The result is a Complaint so littered with irrelevant factual allegations and boilerplate legal assertions—culled from an unrelated Florida lawsuit—that TKH and Highland have no way of knowing what allegations apply in Plaintiffs' case, or even what Plaintiffs' allegations are. For instance, Plaintiffs refer to numerous third parties involved in Honda accidents that are in no way related to the instant case. *See, e.g.*, Doc. No. 23 ¶¶ 38, 40, 42, 44, 46, 48, 50, 52, 54, 56, 62. The Second Amended Complaint replaces more than 100 references to "Honda" with "General Motors," resulting in the inappropriate alteration of numerous quoted statements allegedly made by sources such as the U.S. Department of Transportation, the Center for Auto Safety, *The New*

*York Times*, Bloomberg, and CNN, as well as by TKH and Honda.[2]  For example, Plaintiffs have altered the headline of a *New York Times* article "Air Bag Flaw, Long Known to Honda and Takata, Led to Recalls" to read "Air Bag Flaw, Long Known to General Motors Company and Takata, Led to Recalls."  *See id.* ¶ 35.

Plaintiffs apparently hope that the allegations from the Florida case will enable them to bluff their way through the complete absence of any factual allegations relevant to their claims against TKH and Highland.  But Plaintiffs' wholesale copying of allegations from the Florida complaint underscores the fact that their claims are nothing more than mere speculation—they have alleged conduct that allegedly occurred in another case, but they have offered no facts specific to this case from which one could infer that the alleged conduct occurred here.  (And indeed, TKH's Declaration establishes that TKH and Highland did not make the airbags, crash sensors, or front seat components in the General Motors vehicle at issue here.)

Plaintiffs did not—and cannot—plead any new facts or claims against TKH and Highland because they have no good-faith basis for maintaining this action against entities that did not make any of the allegedly defective components in question.[3]  Because Plaintiffs have failed to properly clarify the claims against TKH and Highland as the Court directed, and TKH and

---

[2] *See* Doc. No. 23 ¶¶ 32(a), 35 (altering quoted statements from two *New York Times* articles; altering the title of a *New York Times* article) ¶ 65 (altering a quoted statement from a CNN report); ¶ 66 (altering a quoted statement from a *Bloomberg* report); ¶ 68 (altering a quoted statement allegedly made by the U.S. Department of Transportation); ¶¶ 75, 92, 99, 108 (misattributing to General Motors statements allegedly made by Honda); ¶ 86 (misquoting and altering a statement allegedly made by TKH); ¶ 105 (altering a quoted statement allegedly made by the Center for Auto Safety).

[3] Indeed, Plaintiffs' failure to investigate TKH and Highland's involvement arguably violates Federal Rule of Civil Procedure 11(b), which mandates that plaintiffs make their allegations only "after an inquiry reasonable under the circumstances."  Fed. R. Civ. P. 11(b).  Rule 11(b) specifically requires that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(3).  Plaintiffs' copy-cat complaint fails to allege the requisite case-specific facts because Plaintiffs apparently performed no investigation whatsoever into TKH or Highland prior to naming them as defendants in this case and filing two amended complaints with allegations against them.

Highland are unable to glean any substantive claims or factual allegations from Plaintiffs'
rambling, nonsensical Complaint, the Complaint should be dismissed for failure to state a claim.

    **A.**    **Plaintiffs' Second Amended Complaint Should Be Dismissed Because Each Legal Theory Fails as a Matter of Law.**

Although Plaintiffs' Second Amended Complaint should be dismissed for the foregoing
reasons alone, each of Plaintiffs' claims against TKH and Highland also fails as a matter of law.

    **1.**    **To the Extent Plaintiffs Bring a Negligence Claim Against TKH and Highland, it Fails as a Matter of Law.**

It is wholly unclear whether Plaintiffs intend to state a claim for negligence against TKH
and Highland because the only negligence counts, Counts I and IV, are directed solely toward
Defendant General Motors Company.[4]

For the avoidance of doubt, to the extent any negligence claims are asserted against TKH
and Highland, Plaintiffs are required to establish that TKH and Highland owed them a legal duty,
that TKH and Highland breached that duty, and that the breach was the proximate cause of
Plaintiffs' injuries. *Pinson v. 45 Dev., LLC*, 758 F.3d 948, 952 (8th Cir. 2014) (applying
Arkansas law). "Proof of an accident, with nothing more, is not sufficient to make out a claim
for negligence." *Coca–Cola Bottling Co. v. Gill*, 352 Ark. 240, 254-55, 100 S.W.3d 715, 724
(2003). Setting aside the unsupported conclusions and nonsensical inferences copied from the
Florida complaint, Plaintiffs' Second Amended Complaint contains no factual allegations that
could plausibly support a negligence claim other than the most basic information regarding the
alleged automobile accident, much of which appears to be incorrect.[5] *See* Doc. No. 23 ¶¶ 24–25.

---

[4] Paragraph 135 of the Second Amended Complaint contains some wholly conclusory negligence allegations against "Takata," but Paragraph 6 of the Second Amended Complaint defines "Takata" as Takata Corporation, a Japanese company independent from TKH or Highland that has not been served in this case.

[5] Plaintiffs' Amended Complaint alleges that the accident occurred on October 3, 2015, but the Arkansas Uniform Motor Vehicle Collision Report provided by Plaintiffs' counsel indicates that the accident occurred on October 1, 2014. That report also identifies Plaintiff Maeola Smith as "Mayola" Smith.

Because Plaintiffs fail to allege case-specific facts supporting a negligence claim, the claim is subject to dismissal pursuant to Rule 12(b)(6).

> ### 2.      Plaintiffs' Strict Liability Claim Likewise Fails.

In order to state a strict liability, product defect claim against TKH and Highland under Arkansas law, Plaintiffs must allege that the product was supplied by TKH and Highland in a defective condition which rendered it unreasonably dangerous, and that the defective condition was a proximate cause of their damages.  *Berry v. Remington Arms Co. LLC*, No. 4:13CV00624 SWW, 2014 WL 11498054, at *1 (E.D. Ark. Feb. 18, 2014) (applying Arkansas law).  All of the factual allegations in Plaintiffs' Second Amended Complaint appear to relate to a type of TKH airbag and component propellant manufactured in or after 2000—at least three years after the manufacture of the airbag at issue in this case.  *See* Doc. No. 23 ¶¶ 18, 77, 78, 87, 89, 92, 99, 101, 104 (allegations referencing ammonium nitrate propellant relevant to Florida case).  None of these allegations support Plaintiffs' claims of a product defect in the airbags, crash sensors, or front seat at issue.  Again, Plaintiffs' failure to plead case-specific facts subjects their claim to dismissal under Rule 12(b)(6).

> ### 3.      Plaintiffs' Fraudulent Concealment Claim Should Be Dismissed for Failure to Comply with Federal Rule of Civil Procedure 9(b).

Plaintiffs' fraudulent concealment claim fails under Rule 9(b), which requires that any claims of fraud be pled with particularity.  *See Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007) (recognizing that fraudulent concealment allegations are subject to Rule 9(b)'s heightened pleading standard, meaning that the plaintiff must plead "the who, what, when, where, and how" supporting its fraudulent concealment claim (citation and internal quotations omitted)).

Plaintiffs' fraudulent concealment claim is premised on allegations of a conspiracy between Takata and General Motors Company, but all of the allegations in Plaintiffs' Second Amended Complaint actually relate to conduct involving Honda and Takata, regarding airbags in Honda vehicles, as detailed in the Florida complaint.  Rule 9(b) requires that Plaintiffs properly identify the specific fraudulent actors in question, but Plaintiffs have failed to do so in any substantive way when they have merely used a find-and-replace function to substitute "Honda" with "General Motors."

Plaintiffs' fraudulent concealment claim also fails because all of the allegations underpinning it relate to a type of TKH airbag and component propellant first manufactured in 2000—at least three years after the manufacture of the airbag at issue in this case.  *See* Doc. No. 23 ¶¶ 18, 77, 78, 87, 89, 92, 99, 101, 104 (allegations referencing ammonium nitrate propellant relevant to Florida case).  Plaintiffs cannot plausibly allege that the airbags in the subject vehicle were originally equipped with the same type of airbag propellant as the propellant at issue in the Florida action.  Because factually inaccurate, incoherent allegations of fraud necessarily fail to meet Rule 9(b)'s particularity requirement, the Court should dismiss Plaintiffs' fraudulent concealment claim against TKH and Highland.

### 4.      To the Extent Plaintiffs State a Claim for Breach of Warranty, that Claim Is Likewise Subject to Dismissal.

Plaintiffs summarily allege that: (a) "an implied warranty of merchantability was breached by Defendants General Motors Company and Takata"; (b) "an implied warranty of fitness for a particular purpose was breached by Defendants General Motors Company and Takata"; and (c) "an express warranty was breached by Defendants General Motors Company and Takata."  *See id.*¶ 136.  It is unclear whether Plaintiffs are referring to TKH or Highland in this paragraph, as opposed to Takata Corporation, but regardless, Plaintiffs fail to state a single

factual allegation supporting these boilerplate legal conclusions.  Plaintiffs' breach of warranty claims are accordingly subject to dismissal for failure to state a claim.  *See Twombly*, 550 U.S. at 555 (plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

> **B.**     **Alternatively, Plaintiffs' Second Amended Complaint Should Be Dismissed Pursuant to Rule 12(e), and TKH and Highland Should be Awarded Costs and Attorneys' Fees.**

Plaintiffs "must comply with a district court order granting a motion for a more definite statement . . . or run the risk of possible sanctions."  5A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1379 (3d ed. 2016).  To comply with such an order, plaintiffs "must submit an amended pleading containing sufficient detail to satisfy the court's direction and to meet the opponent's valid objections to the earlier pleading."  *Id.*  When they fail to do so, Rule 12(e) allows the court to "strike the pleading or issue any other appropriate order."  Fed. R. Civ. P. 12(e).  This language, according to several federal courts, authorizes the dismissal of an action following a party's failure to comply with an order entered under Rule 12(e).  *See, e.g.*, *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 797–98 (3d Cir. 1967) ("this provision confers power upon a court to dismiss a claim for failure to amend the pleadings as directed"); *Kratage v. Charter Twp. of Commerce*, 926 F. Supp. 102, 103 (E.D. Mich. 1996) ("Federal Rule of Civil Procedure 12(e) independently authorizes this court to dismiss a complaint for failure to amend the pleadings as directed.").

It is difficult to imagine any case more worthy of the sanction of dismissal.  Plaintiffs unreasonably refused to amend obvious and significant deficiencies in their First Amended Complaint despite an Order by this Court to do so, and despite the Declaration provided to Plaintiffs' counsel more than two months ago establishing that TKH and Highland did not make

the components in the vehicle at issue.  Plaintiffs' vexatious filing of a nearly identical Second Amended Complaint under these circumstances suggests that they were more interested in forcing TKH and Highland to incur the costs researching and briefing these issues a second time than in salvaging their own case.  Plaintiffs' total failure to cure the deficiencies in their First Amended Complaint represents a willful violation of this Court's directives and warrants the sanction of dismissal pursuant to Rule 12(e).[6]

Likewise, TKH and Highland respectfully request that this Court award them their costs, including reasonable attorneys' fees, as an "appropriate sanction[]" for the time spent by TKH and Highland's counsel in preparing a second Rule 12 motion to address the same deficient Complaint.  *See* Fed. R. Civ. P. 12(e).  An award of attorneys' fees is an appropriate sanction on the present facts, as Plaintiffs' refusal to comply with federal pleading standards and the Order of this Court has pointlessly wasted the parties' and the Court's time and resources.

## IV.   CONCLUSION

For the foregoing reasons, TKH and Highland request that the Court grant their Motion to Dismiss Plaintiffs' Second Amended Complaint, enter an Order dismissing Plaintiffs' Second Amended Complaint and awarding TKH and Highland their reasonable attorneys' fees and costs, and grant any further relief the Court deems appropriate.

---

[6] Should the Court decline to dismiss Plaintiffs' Second Amended Complaint as permitted by Rule 12(e), TKH and Highland again move for a more definite statement, for the same reasons as those stated in their initial Motion for More Definite Statement and accompanying brief.  *See* Doc. Nos. 15–16.  TKH and Highland incorporate these pleadings by reference.  *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.").

Respectfully submitted this 14th day of February, 2017.

> /s/ Graham Talley
> Lyn Pruitt   (Ark. Bar No. 84121)
> Graham Talley (Ark. Bar No. 2015159)
> MITCHELL, WILLIAMS, SELIG,
> GATES & WOODYARD, P.L.L.C.
> 425 W. Capitol Ave., Suite 1800
> Little Rock, AR  72201
> Phone: 501-688-8800
> Fax: 501-688-8807
> lpruitt@mwlaw.com
> gtalley@mwlaw.com
>
> *Attorneys for Defendants TK Holdings Inc. and Highland Industries, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 14th, 2017, I filed a copy of the foregoing, and the foregoing was served on all parties of record using the Court's CM/ECF system.

> /s/ Graham Talley
> Graham Talley